**In re J.G., Juvenile**

[632 A.2d 39]

No. 93-119

September 17, 1993. Defendant at the age of 16 was charged with petit larceny, and the matter was properly transferred from the Addison District Court to the Addison Family Court, where he admitted the allegations in the juvenile delinquency petition and was adjudicated delinquent. At the disposition hearing the court ordered the case retransferred for trial to district court over defendant's objections on double jeopardy grounds. This Court granted defendant permission to appeal after a denial of permission by the family court. We reverse and remand.

As the State concedes in its brief, insofar as 33 V.S.A. § 5527(c) permits the transfer of a juvenile matter from family court to district court and trial of a juvenile defendant as an adult, following an adjudication of delinquency in the family court, that statute violates the double jeopardy protections of the Fifth Amendment of the United States Constitution. *Breed v. Jones*, 421 U.S. 519, 541 (1975).

Not every hearing in family court will preclude transfer to district court. As *Jones* makes clear, transfer prior to an adjudicatory hearing should not raise double jeopardy questions. *Id.* at 536. Therefore our holding does not affect preadjudication transfer proceedings, so long as no adjudication in fact results. *Id.* at 538 n.18.

*Reversed and remanded for further proceedings in the Addison Family Court.*